UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM C. FARNEY,

    Plaintiff,

v.                                                    Case No. 3:25cv521-LC-HTC

UNITED STATES,
ALEXANDER JOHNSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Adam C. Farney, a prisoner proceeding *pro se*, has filed a nonsensical handwritten document purporting to be a complaint, titled "Motion under Title 28 § 535 and Initial Civil Complaint documenting Illegal Government Use of Equipment + Assets against Civilians-Violations of the Geneva Convention + other International Laws." Doc. 1. Upon review, the undersigned finds this action should be dismissed under 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B) because it is frivolous.

Under the Prison Litigation Reform Act ("PLRA"), when a prisoner seeks relief from government officials or entities, the Court must "before docketing if feasible or, in any event, as soon as practicable after docketing" screen the complaint and dismiss the complaint, or any portion thereof, if it determines it is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B) (requiring similar screening to plaintiffs seeking to proceed *in forma pauperis*).[1]

This screening requirement under the PLRA, "sometimes referred to as a frivolity review," vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). It includes one that "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, Farney's handwritten "complaint" lacks an arguable basis in law or fact and is entirely frivolous. He names two Defendants—the United States of America and someone named Alexander Johnson—and claims violations of the Geneva

---

[1] By failing to pay the filing fee, Farney has invoked the screening provisions of § 1915(e)(2)(B). *See Whitted v. Sarasota Memorial Hospital*, 2024 WL 4392784 (M.D. Fla. Oct. 3, 2024) (construing *pro se* prisoner's "failure to pay the filing fee as a request to proceed *in forma pauperis*" when screening and dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)).

Case No. 3:25cv521-LC-HTC

Convention and unspecified "other US Fed. Laws." *See* Doc. 1 at 1. In support, he attaches to his one-page complaint a 13-page affidavit that "attest[s] to all the wrongs currently being perputrated [sic] against the persons of this world." *Id.* As shown from the examples below, Farney's allegations are nonsensical and, at times, fanciful or delusional:

- "I utilized my access Via 1 function called 'SuperSearch' included from a Navy Top Secret Project (Medium); At Approx 7-8pm[,] I found one Alexander Johnson; Yussef whom shares the same Job at the CIA. Attempting to cover up their (Both) illegal actions they have utilized countless lesser vested agents, and positioned themselves among other 'Like Minded Individuals' to continue their activity. Continuing my search, I found over 100 Civilian Hackers who are <u>allowed</u> Access to classified Govt Info + Tech. This includes Safelights (Monitoring and functionality), Dream Machine, Cognition monitoring and one which I found no name for – (100% Hand free, device free Commonicators) Believe it or not-Telepathy." Doc. 1-1 at 2.

- "The Cognition Monitoring Project includes and is partially linked to information that came across Mr Johnsons desk over 10 years ago…. They have now 1000 terabytes of **All Your Thoughts and IDEAS**. This is a complete privacy violation!" Doc. 1-1 at 2.

- "Imagine Taylor Swift, Rihanna, or Doja Cat had some hatred against say um Demi Lovato, Jay-Z, … you understand. What they do, is then Pay an Agent who makes say 50 thousand a year, and offer them that, twice that, Heck I found someone paid 1 Million." Doc. 1-1 at 4-5.

- "I found a 'Sickness' function (One of the unamed ones). It causes Bacterial Infections—Bacteria to spawn and spread (gestation period and Metabolistic process to increase drastically). I found one poorly hidden case recently, against the Pope. Turns out this is why he was hospitalized with his illness and recovered only weeks later." Doc. 1 at 6.

- "They use a programming trick to hideaway most Log files/history yet experienced persons in this field can easily uncover their poor attempts of hiding

it all. Kobe Bryant and his daughter GG (If memory serves) along with the leader Whom died in a Helicopter Crash (separate occasion). <u>They can USE this to</u> **<u>TAKE PLANES OUT OF THE SKY!!!</u>** Doc. 1-2 at 7.

Because Farney's allegations have no basis in law or fact and consist of nothing more than a rambling stream of consciousness, this action should be dismissed as frivolous. *See e.g.*, *Spataru v. Ramsay*, 2020 WL 9936243, at *2 (S.D. Fla. Apr. 23, 2020) (finding, in screening *pro se* plaintiff's complaint under 28 U.S.C. § 1915(e)(2), that his complaint—based on allegations including attacks through "telepathy" or "brain wave guns"—was frivolous) (internal citations omitted); *see also Gary v. U.S. Government*, 540 F. App'x 916, 916, 918 (11th Cir. 2013) (per curiam) (affirming dismissal of *pro se* plaintiff's complaint as frivolous because her allegations "were irrational and wholly incredible" and included "high-level government officials … implant[ing] microchips into her body that caused tumors and tissue damage").

Moreover, given the absurdity of his allegations leave to amend would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Case No. 3:25cv521-LC-HTC

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED as frivolous under 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B).[2]

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of April, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.

---

[2] The Court also notes that Farney failed to "simultaneously" pay the filing fee or file a motion to proceed *in forma pauperis*, as required by this Court's Local Rules. *See* Fla. N.D. Loc. R. 5.3. This failure would also warrant a dismissal without prejudice.

Case No. 3:25cv521-LC-HTC